IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Randy Yonson, | ) | Civil Action No. 4:16-485-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, Kershaw Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that the petition for habeas relief pursuant to 28 U.S.C. § 2254 be dismissed for failure to prosecute. The Court adopts the Report and Recommendation.

In January 2007, a Sumter County jury convicted Petitioner Randy Yonson of numerous charges arising from an incident in which Petitioner shot two police officers in a nightclub parking lot. The officers were responding to a report of an armed person (Petitioner) at the nightclub. After post-conviction state court proceedings, Petitioner filed this *pro se* action seeking habeas relief pursuant to 28 U.S.C. § 2254 on February 18, 2016. (Dkt. No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a Magistrate Judge. On April 25, 2016, Respondent filed a motion for summary judgment, along with a return and memorandum. (Dkt. Nos. 11, 12.) Since Petitioner is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response to Respondent's motion. (Dkt. No. 13.) In that order, Petitioner was advised of the possible consequence of dismissal if he failed to respond adequately; however, Petitioner failed to file a response. On June 2, 2016, Petitioner moved for thirty-day extension of time in which to

-1-

file a response. (Dkt. No. 15.) The Court granted that motion. (Dkt. No. 16.) Two weeks after the new deadline lapsed with no response from Petitioner, the Magistrate Judge recommended that this this action be dismissed with prejudice for failure to prosecute. (Dkt. No. 19.) The Magistrate Judge advised Petitioner of his right to file specific objections to the Report. (Dkt. No. 19-1). The petitioner filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

After a thorough review of the record of this matter, the applicable law, and the Report, the Court finds no clear error. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 19) as the Order of the Court, and **DISMISSES** the petition for habeas relief (Dkt. No. 1) for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 12 of the Rules Governing § 2254 Cases.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 3, 2016
Charleston, South Carolina